JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PMA INSURANCE CO. and PMA MANAGEMENT CORP.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Anthony Sherr, Esquire, 101 W. Airy St., Norristown, PA 19401

## DEFENDANTS
ESHAI CORPORATION dba COURIER DISTRIBUTION SYSTEMS, LLC AND COURIER DISTRIBUTION

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332
Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 04/23/2021
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| PMA Manufacturers' Assoc. Ins. Co. et al : | | CIVIL ACTION |
| Plaintiff : | | |
| v. : | | |
| : | | |
| ESHAI Corporation et al : | | NO. 2021- |
| Defendant : | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See§ 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus- Cases brought under 28 U.S.C.§ 2241 through§ 2255.   ( )

(b) Social Security- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos- Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management- Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 04/23/2021 | *signature* | Anthony Sherr, Esquire |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (484) 591-3001 | (484) 5210-0099 | tsherr@sherrlawgroup.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __380 Sentry Parkway, Blue Bell, PA 19422__

Address of Defendant: __6650 Sugarloaf Parkway, Duluth, GA 30097-4359__

Place of Accident, Incident or Transaction: __380 Sentry Parkway, Blue Bell, PA 19422__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __04/23/2021__   _/s/ Anthony Sherr/_   __44603__
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

1. [✓] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Anthony Sherr, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __04/23/2021__   _/s/ Anthony Sherr/_   __44603__
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**SHERR LAW GROUP, LLP**
By: Anthony R. Sherr, Esquire
Identification No. 44603
101 W. Airy Street, Ste. 100
Norristown, PA 19401
(484)591-3000

Attorney for Pennsylvania Manufacturers' Association Insurance Company and PMA Management Corp.

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY 380 Sentry Parkway Blue Bell, PA 19422 AND PMA MANAGEMENT CORP. 380 Sentry Parkway Blue Bell, PA 19422 <br> Plaintiff <br><br> vs. <br><br> ESHAI CORPORATION, dba COURIER DISTRIBUTION SYSTEMS, LLC 6650 Sugarloaf Parkway Duluth, GA 30097-4359 And COURIER DISTRIBUTION SYSTEMS, LLC 6650 Sugarloaf Parkway Duluth, GA 30097-4359 <br> Defendants | NO.: 2021- <br><br><br> JURY TRIAL DEMANDED |

## **COMPLAINT**

And now comes the Plaintiffs, Pennsylvania Manufacturers' Association

Insurance Company ("PMAIC") and PMA Management Corp. ("PMA") by and through their authorized counsel of record, Sherr Law Group LLP and seeks $8,617,234.75, plus attorney fees, interest and costs of this action and states as follows:

## THE PARTIES

1. Plaintiffs are corporations duly organized under the laws of the Commonwealth of Pennsylvania and authorized to do business in several states including Pennsylvania, with their principle place of business located at 380 Sentry Parkway, Blue Bell, Montgomery County, Pennsylvania 19422.

2. Defendants are all named insureds on four (4) relevant policies of insurance and parties to an Agreement For Third Party Claims Handling Services and an Amendment(s) which were issued by Plaintiffs and entered into by the Parties in October and November of 2018.

3. Defendants, during all relevant time periods, regularly and systematically conducted business in Pennsylvania, and are authorized to do business in the Commonwealth.

4. The contracts which form the basis of Plaintiffs' causes of actions were all entered into in Montgomery County, Pennsylvania.

## JURISDICTION

5. Jurisdiction in this matter is based upon 28 U.S.C. § 1332 in that the

matter in controversy greatly exceeds $75,000 and is between citizens of different states.

6. All defendants are Georgia LLCs of the state of Georgia and all members of the LLCs are domiciled in Georgia.

7. All plaintiffs are incorporated in the Commonwealth of Pennsylvania.

8. Complete diversity exists between every defendant and every plaintiff.

9. Eshai Corporation, dba Courier Distribution Systems, LLC. ("Eshai") was the named insured on policies of insurance issued to it by PMAIC in the Commonwealth of Pennsylvania.  (See Policy No. 201800 1037944A; 201800 1037944B; 151800 1037944; and 301800 1037944, (relevant declaration sheets for each policy are attached hereto and designated as Exhibits "1", "2", "3" and "4" respectively).

10. PMAMC and Eshai entered into an Agreement for Third Party Claims Handling Services (hereinafter "TPA Agreement") (attached hereto and designated as Exhibit "5").  These contracts were entered into and performed in Pennsylvania.

11. Eshai, upon information and belief, has a Registered Agent in Pennsylvania.

12. This action is to recover remaining estimated annual premium, final audited premium, retrospectively- rated premium, costs, expenses, and other

obligations under the insurance policies and the TPA Agreement(s), which Eshai failed to pay.

## FACTUAL ALLEGATIONS

13. Plaintiffs incorporate herein by reference their allegations of paragraphs 1 through 12 as if more completely set forth herein.

14. On or about October 15, 2018, PMAIC issued, and Defendants accepted, Workers' Compensation and Employers' Liability Insurance policies bearing Policy No. 201800 1037944A, for the policy period of 10-15-2018 to 10-15-2019 ("WC Policy A").  (See Exhibit "1").

15. On or about October 15, 2018, PMAIC issued, and Defendants accepted, Workers' Compensation and Employers' Liability Insurance policies bearing Policy No. 2018001037944B, for the policy period of 10-15-2018 to 10-15-2019 ("WC Policy B").  (See Exhibit "2").

16. On or about November 1, 2018 PMAIC issued, and Defendants accepted, a Commercial Auto Insurance policy bearing Policy No. 151800 1037944 ("Auto Policy").  (See Exhibit "3").

17. On or about November 15, PMAIC issued, and Defendants accepted, a Comprehensive General Liability policy bearing Policy No. 301800 1037944 ("CGL Policy") (see Exhibit "4").

18. In consideration for the issuance of the 4 insurance policies, Defendants agreed to timely pay all premiums/surcharges/administrative fees and any other amounts due under the terms of each policy as calculated by PMAIC.

19. Despite demand, Eshai failed to make payments due under the terms of the policies and any midterm endorsements thereto as set forth more fully at length herein below.

20. On or about October 15, 2018, PMAMC, Eshai and PMAIC entered into an Agreement for Third Party Claims Handling Services. (See Agreement for Third Party Claims Handling Services attached hereto and designated as Exhibit "5" hereinafter referred to as "TPA Agreement").

21. In consideration for PMAMC providing certain claims handling services, Eshai agreed to timely pay the fees and costs as set forth in the contract (Exhibit 5).

22. PMAMC performed all of its obligations under the agreement.

23. Despite demand, Eshai has refused to pay the amounts due and owing under the TPA contract and any amendments thereto.

## COUNT I
## BREACH OF CONTRACT – ALL INSURANCE POLICIES

24. Plaintiff restates and re-alleges paragraphs 1 through 23 as if more fully set forth herein.

25. As previously referenced, PMAIC issued, and Defendants accepted, four Policies of Insurance for the policy periods of 10-15-2018 to 10-31-2019, 11-1-2018 to 11-1-2019 and 11-15-2018 to 11-15 2019 as indicated. (See Exhibit "1-4").

26. In return for the issuance of the Policies and for coverage provided thereunder, Defendants agreed to pay timely all premiums/surcharges/administrative expenses and other charges due PMAIC under the terms of the Policies.

## **WORKERS' COMPENSATION POLICIES**

27. The two Workers' Compensation Policies (A & B) were effective October 15, 2018 through October 31, 2019 and had Total Estimated Annual Premiums of $2,192,823.00 and $518,840.00, respectively at policy inception. (See Exhibits 1 & 2).

28. Defendants selected the Retrospective Rating Plan for the two Worker's Compensation Policies (A & B). (See Plan Selection Form effective 10/15/18 attached hereto and designated as Exhibit "6").

29. This document was signed by Jim Blanchard, the CFO of defendants on or about 3/6/2019 (See Exhibit "6").

30. The Plan Selection form in pertinent part stated:

> By signing this Plan Election Form the insured certifies that s/he understands and agrees:

6

1. The choice of a plan will result in an adjustment of the audited premium based upon incurred losses, which include Allocated Loss Adjustments Expenses ("ALAE"), during the policy period;
2. Retrospectively rated insurance policies are subject to multiple annual calculations and/or adjustments which may result in additional or return premium. The ultimate premium payable will be determined solely by the Company based upon the calculation of incurred losses, which include ALAE, and audited payrolls relating to the Policy period…

(See Exhibit "6").

31. The Plan Selection form goes on to state:

The advance premium of **$2,627,946** for the Policy is merely an estimate of the ultimate retrospective premium payable by the insured(s) to the Company;

(See Exhibit "6").

## WORKERS' COMPENSATION INITIAL PREMIUMS

32. As indicated above, the Total Estimated Annual Premium for the Workers' Compensation Policy "A" was $2,192,823 at policy inception and The Total Estimated Annual Premium for the Workers' Compensation Policy "B" was $518,840 at inception. (See Exhibit 1 & 2). However, due to the economic and geographical expansion of Eshai's business during the 2018 – 2019 policy year, certain mid-term endorsements, most notably Mid-Term Endorsement No. 5 to the Workers' Compensation "A" Policy expanded coverage, increased the risk and resulted in additional premiums and surcharges due PMAIC in the amount of

7

$1,357,267. (See Midterm Endorsement No. 5 attached hereto and designated as Exhibit "7").

33.  After applying all premium payments made and/or any credits earned by Eshai on the two Workers' Compensation Policies A & B, there still remained an amount of unpaid Estimated Annual Premium and Midterm Endorsement premium in the amount of $434,769.00.

34.  Despite demand, Eshai has failed, refused and neglected to pay PMAIC $434,769.00 due and owing in breach of its obligations to pay timely all premiums when due under the two Workers' Compensation policies of insurance.  (Please refer to Exhibits "1" & "2" and paragraph 35 below )

## WORKERS'COMPENSATION AUDITED AND RETROSPECTIVELY-RATED PREMIUMS

35.  In accordance with the terms and conditions of the two Workers' Compensation policies, on or about September 10, 2020 PMAIC calculated the Final Audits which reconciled actual payroll at the end of the policy year with the estimated payroll at policy inception.  The Final Audit on the "A" Policy determined Eshai owed PMAIC additional premium in the amount of $2,114,563.00 while the Final Audit on the "B" Policy determined Eshai owed PMAIC additional premium in the amount of  $510,311.00. (See Summary Sheets of the Workers' Compensation Final Audits on Policy A & B attached hereto and designated Exhibits "8" and "9").

36. Further, in accordance with the terms and conditions of the two Workers' Compensation policies and the signed Plan Selection Form, PMAIC calculated the 1st Retrospective Adjustment for the combined A&B Policies based upon the incurred losses on claims filed by Eshai's injured workers which determined that Eshai owed PMAIC additional retrospective premium in the amount of $4,709,061.00. (See 1st Retrospective Adjustment Summary bill combining Final Audits A&B and 1st Retrospective Adjustment indicating a total due PMAIC of $7,333,935.00 on page 2; 1st Retrospective Adjustment indicating $4,709,061.00 due PMAIC on page 3 attached hereto and designated Exhibit "10").

37. On or about September 24, 2020 plaintiffs provided Eshai a Statement/Invoice showing amounts due and owing after Final Audit/Surcharge/Deferred Premium and 1st Retrospective Adjustment/Surtax for the two Workers Comp. Policies. (See Exhibit "11"). This Statement/Invoice did not include the aforementioned unpaid initial premiums in the amount of $434,769.00, however, a later Statement/Invoice dated 2/8/2021 does incorporate these aforementioned unpaid premiums in the amount of $434,769.00 for a total of $7,768,704 due PMAIC on the two Workers' Comp. Policies A & B [$7,353,354.00 on "A" + $415,350.00 on "B"](See Statement/Invoice dated 2/8/21 which combines total premiums due PMAIC on all four PMAIC issued policies attached hereto and designated as Exhibit "12").

38. The September 24, 2020 Statement/Invoice shows an amount due and owing of $7,333,935.00 for the Final Audits, Surcharge/ Deferred Premium and 1st Retrospective Adjustment/Surtax for the Workers Comp. Policies only. (See Exhibit "11").

39. Despite demand, Eshai has refused to pay this amount due and owing in breach of its obligations under the two Workers' Comp. policies of insurance.

40. Defendants have failed, refused and neglected to pay PMAIC $7,333,935.00 in outstanding Final Audits, Surcharge/ Deferred Premium and 1st Retrospective Adjustment/Surtax listed on the September 24, 2020 Statement /Invoice and due under the two Workers' Comp. Policies leaving PMAIC without the use of this sum since the issuance of the retrospective adjustments.

**TOTAL WORKERS' COMPENSATION PREMIUMS DUE PMAIC**

41. Collectively however, Defendants have failed, refused, and neglected to pay PMAIC a total of $7,768,704.00  [$7,353,354.00 on "A" + $415,350.00 on "B" in outstanding Estimated Annual Premium and Midterm Endorsement premium, Final Audit  and Retrospectively-rated premiums/state assessments due under the two Workers' Comp. Policies leaving PMAIC without the use of this sum since the issuance of the retrospective adjustments. (See Statement/Invoice dated 2/8/21 Lines1 & 2 of Exhibit "12")

## AUTO POLICY

42. The "Auto" policy was effective November 1, 2018 through November 1, 2019 and had a total initial premium (including taxes and surcharges) due of $2,315,183.24 at policy inception. (See Exhibit "3"). After applying all premium payments made and/or any credits earned by Eshai on the Auto policy, there still remained an amount of unpaid premium in the amount of $378,613.55. (See Exhibit "12").

43. Despite demand, Eshai has failed, refused and neglected to pay PMAIC $378,613.55 due and owing in breach of its obligations to pay timely all premiums when due under the auto policy of insurance.

## COMMERCIAL GENERAL LIABILITY

44. The "CGL" policy was effective November 15, 2018 through November 15, 2019 and had a Premium due of $14,549.00. (See Exhibit "4")

45. In July 2020, PMAIC conducted and completed a Final Audit under the terms and conditions of the CGL Policy which determined Eshai owed additional premiums in the amount of $24,753.00. (See the CGL Final Audit attached hereto and designated as Exhibit "13").

46. After applying all premium payments made and/or any credits earned by Eshai on the CGL policy, there still remained an amount of unpaid premium in the amount of $22,601.46. (See Exhibit "12").

47.     Despite demand, Eshai has failed, refused and neglected to pay PMAIC $22,601.46 due and owing in breach of its obligations to pay timely all premiums when due under the CGL policy of insurance.

WHEREFORE, it is respectfully demanded that this Court enter judgment in favor of Plaintiff, PMAIC and against Defendants in the amount of $8,169,919.01, plus interest and costs of this action, including but not limited to reasonable attorneys' fees incurred in prosecuting this action plus such further relief as this Court deems just and proper on Count 1 of plaintiffs Complaint.

## COUNT II

### BREACH OF CONTRACT – TPA AGREEMENT

48.     PMAIC incorporates by reference its allegations in paragraphs 1 – 44 as if set forth fully herein.

49.     PMA Management Corp. ("PMA") is a Pennsylvania Corporation with its principle place of business located at 380 Sentry Parkway. Blue Bell, PA 19422.

50.     PMA, PMAIC and Eshai entered into an Agreements For Third Party Claims Handling Services ("TPA Agreement")  (A true and correct copy of which is attached hereto and designated as Exhibit "5").

51.     The TPA Agreement was entered into and became effective October 15, 2018.

52. Pursuant to the insurance policies delineated above, Eshai elected to share Workers Compensation and Employers liability exposure, through a limit of $250,000 per claim and subject to an aggregate in the amount of $5,997,320. Further terms regarding the handling of and payment for Eshai's Workers' Compensation, Auto and CGL claims are found in Exhibit D to the TPA Agreement.

53. As a result Eshai was permitted to retain a third party administrator with regard to the claims submitted under the four insurance policies.

54. Eshai selected PMA as its Third Party Administrator.

55. The term of this agreement (Exhibit 5) was October 15, 2018 through October 15, 2019.

56. In return for the Managed Care Services provided under Exhibit 5, Eshai agreed to pay fees and costs to PMA as set forth in a Fee Schedule attached as an exhibit to Exhibit 5 (See Exhibit "D" to TPA Agreement).

57. Pursuant to this TPA Agreement and several amendments, material to this matter, PMA performed claims handling and administrative services and Eshai accepted such services. (See Amendment to Agreement for Third Party Claims Handling Services attached hereto and designated as Exhibit "14")

58. Despite PMA performing all of its obligations under the TPA Agreements and despite demand, Eshai has failed and refused to pay $447,315.73 due and owing under the TPA Agreement and Amendments thereto as reflected in

the Statement attached hereto and designated as Exhibit "15". Separate billings for the eight itemized matters were timely billed by PMA to Eshai. However, despite demand, Eshai has failed, refused and neglected to pay PMAIC $447,315.73 due and owing in breach of its obligations under the TPA Agreement and relevant Amendments thereto. These component billings for various Claims Handling fees, annual Claims Administration fees, annual CINCH fees and post policy reconciled Claims Handling fees on the Workers' Compensation, Auto and CGL Policies are attached hereto and designated as Exhibit "16".

WHEREFORE, it is respectfully demanded that this Court enter judgment in favor of Plaintiff, PMA and against defendants in the amount of $447,315.73, plus interest and costs of this action, including but not limited to reasonable attorney's fees incurred in prosecuting this action plus such further relief as this Court deems just and proper on Count II of plaintiff's Complaint.

                                                SHERR LAW GROUP, LLP

BY: _____
      ANTHONY R. SHERR, ESQUIRE
      Attorney for Plaintiff
      Pennsylvania Manufacturers
      Association Insurance Company and
      PMA Management Corp.